IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SYDNEY S. KENNEDY AND JOYCE
M. KENNEDY,

      Plaintiffs,

vs.                                              No. CIV 98-718 MV/RLP

ENTERPRISE LEASING COMPANY-WEST,
and ENTERPRISE RENT-A-CAR COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss **[Doc. No. 9]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion will be **granted in part and denied in part**, as explained below.

## BACKGROUND

Plaintiff Sydney S. Kennedy ("Kennedy") alleges that he was discriminated against on this basis of his race and national origin by his former employer, Enterprise Leasing Company-West ("Enterprise West"), and its parent company, Enterprise Rent-A-Car Company ("ERAC").

According to the Complaint, in the course of his employment at Enterprise West, Kennedy was subjected to "discriminatory actions and remarks as a result of his race and national origin." Kennedy lodged a complaint with the EEOC and Defendants subsequently discharged Kennedy, allegedly in retaliation. The Complaint further states that Defendants failed to properly investigate

1

"the allegations raised against Kennedy" and then "disseminat[ed] . . . information to others regarding the investigation and the termination of Kennedy."

Based on these facts, Plaintiffs press the following claims: (1) breach of contract and reprisal; (2) discrimination and reprisal in violation of Title VII and New Mexico public policy; (3) loss of consortium as to Plaintiff Joyce M. Kennedy, wife of Sydney Kennedy; and (4) defamation of character and negligent investigation.

Defendants filed the instant Motion to Dismiss on August 4, 1998. Defendants assert that Defendant ERAC is not a proper party to the case and attack the sufficiency of all of Plaintiffs' claims.

**STANDARD OF REVIEW**

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy

2

which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

**ANALYSIS**

Defendants, in their Motion to Dismiss, assert first that ERAC is not a proper party to this case. Defendants then make the following series of arguments as to the substance of Plaintiffs' claims: (1) Plaintiffs fail to state a claim pursuant to 42 U.S.C. § 1983 and § 1985; (2) Plaintiffs' claims for harassment, retaliation and national origin discrimination were not encompassed in his EEOC complaint and therefore are not properly before the Court; (3) Plaintiffs fail to state a claim for loss of consortium; (4) Plaintiffs' claim for negligent investigation is not an actionable tort in New Mexico; and (5) Plaintiffs fail to state a claim for defamation. These issues will be addressed in turn.

**1. ERAC**

ERAC is the parent company of Enterprise West, its wholly owned subsidiary. Plaintiff Kennedy was employed by the subsidiary company, not the parent company. Defendants argue that ERAC is insulated from liability for the unilateral discriminatory acts of its subsidiary.

Defendants correctly point out ERAC cannot be held liable for the discriminatory acts of its wholly owned subsidiary absent "extraordinary circumstances." *Frank v. U.S. West*, 3 F.3d 1357, 1362 (10th Cir. 1993) ("The doctrine of limited liability creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.") The Tenth Circuit in *Franks, supra*, declined to adopt one single test for determining when it was appropriate to hold a parent corporation liable for discriminatory

3

conduct towards a subsidiary employee. *Id*. However, the Tenth Circuit did make clear that in order to prevail on this claim, Plaintiffs will have to show that ERAC "control[ed] the day-to-day employment decisions of the subsidiary," or had "a significant degree of control over the subsidiary's decision-making," or that it is necessary to pierce the corporate veil to prevent Defendants from perpetrating a fraud. *Id*.

Arguing that Plaintiffs can prove no set of facts which would meet one of these standards, Defendants move to dismiss ERAC as a Defendant. However, the question on a motion to dismiss is not whether Plaintiffs will prevail on this claim but whether they are entitled to try. *Scheuer*, 416 U.S. at 236. It is true that Plaintiffs have not pled specific facts which would demonstrate that ERAC was directly involved in the employment decisions of Enterprise West but have merely alleged that "Defendants," in plural, took negative employment actions toward Plaintiff Kennedy. While this is not a model of informative pleading, it is sufficient under the modern rules of notice pleading to put the Defendants on notice that Plaintiffs intend to prove that ERAC was directly involved in the decisions of Enterprise West regarding Kennedy's employment. While Defendants may be correct that Plaintiffs will ultimately be unable to prove that ERAC was involved in the day-to-day employment decisions of Enterprise West, nothing in the pleadings demonstrates that this is factually impossible. *Id*.

Dismissal of ERAC at this stage would be premature. Plaintiffs have sufficiently pled that ERAC was involved in the employment decisions of Enterprise West regarding Plaintiff Kennedy to permit Plaintiffs the opportunity to prove this claim. *Id*. Accordingly, that portion of Defendants' Motion seeking to dismiss Defendant ERAC will be denied.

### 2. Claims Pursuant to 42 U.S.C. § 1983 and § 1985

Defendants next argue that Plaintiffs fail to state a claim pursuant to 42 U.S.C. § 1983 and § 1985. As Plaintiffs clarify in their Response, Plaintiffs have not any counts as violations of § 1983 or § 1985. The references to these sections in the Complaint were included erroneously and will be disregarded. Therefore, that portion of Defendants' Motion seeking to dismiss these claims will be denied as moot.

### 3. Claims for Discrimination and the Scope of the EEOC Complaint

In order to pursue a claim of discrimination pursuant to Title VII, a plaintiff must first file a complaint with the EEOC. *EEOC v. Commercial Office Products, Co.*, 486 U.S. 107, 110 (1988); *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir. 1984). The Complaint in the instant case alleges that Kennedy did in fact file a charge with the EEOC and attaches appropriate documentation, including the charge. Defendants, however, argue that the EEOC charge addressed a far narrower set of allegations than those now raised in the Complaint. In fact, the actual EEOC charge alleges only wrongful discharge on the basis of race. Plaintiffs' Complaint, on the other hand, alleges harassment on the basis of race and national origin, retaliation, and wrongful discharge on the basis of national origin and as well as race. Plaintiffs cite the EEOC intake sheet, which lists this wider range of complaints, as demonstrating that these allegations were part of the EEOC charge though not specifically stated in that charge.

Plaintiffs' Title VII claim must be limited to those allegations raised with the EEOC. *Brown v. Hartshorne Public School District*, 864 F.2d 680, 682 (10th Cir. 1988). However, Plaintiff is not limited to solely those allegations actually stated in the charge but may raise claims "like or reasonably related to the allegations of the EEOC charge." *Id*. In the Tenth Circuit, this rule has usually been

5

applied to allow a plaintiff to pursue claims of retaliation which arose after the filing of the EEOC charge. *Id.*; *see also Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997); *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997). Here, however, Plaintiff invokes this rule to preserve claims which actually arose prior to the EEOC charge, were brought to the attention of the EEOC, but nevertheless not included in the charge. Defendants contend that because all of the events at issue occurred prior to the filing of the EEOC complaint, Plaintiff must be limited to those allegations related to the claims actually stated in the charge and cannot use the EEOC intake sheet to broaden the scope of his claims.

Defendants' argument is not without force. There is support in the case law for the contention that a Title VII claim must be limited to the allegations which naturally arise out of the actual EEOC charge, even if a wider range of allegations is alleged on the intake form. *See Schlueter v. Anheuser-Busch Inc.,* 132 F.3d 455 (8th Cir. 1988); *Diez v. Minnesota Mining and Manufacturing Co.,* 88 F.3d 672 (8th Cir. 1996); *Park v. Howard University*, 71 F.3d 904, 907-909 (D.C. Cir. 1995). However, even if the Court were to conclude that Plaintiff Kennedy is here limited to only those allegations "like or related to" the allegations actually contained in the EEOC charge, it remains a disputed factual issue as to whether the additional acts of discrimination and the claim of national origin discrimination alleged in the current Complaint are sufficiently "like or related" to the claim contained in the EEOC charge. Plaintiffs have pled sufficient facts to support the inference that all of the claims of discrimination raised in the Complaint are "like or related to" the allegations of the EEOC charge. The factual dispute on this issue between the parties is better resolved on a motion for summary judgment after discovery has been completed. *See* Fed.R.Civ.P. 56(f). In fact, all of the cases cited by Defendants dismissing claims as being insufficiently "like or related to" the EEOC charge were

6

motions for summary judgment or post-trial motions. Dismissal on a motion pursuant to Rule 12(b) would be inappropriate and premature. *Cayman Exploration Corp.*, 873 F.2d at 1359.

Because Plaintiffs have pled sufficient facts to support the inference that all of the claims of discrimination raised in the Complaint are like or related to the allegations of the EEOC charge, that portion of Defendants' Motion seeking to dismiss some of the alleged grounds of discrimination will be denied.

**4.    Loss of Consortium**

Plaintiff Joyce M. Kennedy, wife of Plaintiff Sydney Kennedy, presses a claim for loss of consortium arising out of the injury suffered by her husband as a result of the alleged discrimination by Defendants. As Defendants correctly argue, however, New Mexico law only recognizes loss of consortium claims when the spouse has suffered a physical injury. *Romero v. Byers*, 117 N.M. 422, 872 P.2d 840, 843 (1994) ("Loss of consortium is simply the emotional distress suffered by one spouse who loses the normal company of his or her mate when the mate is physically injured due to the tortious conduct of another."). There is no precedent in New Mexico for a claim of loss of consortium in a case such as this where the plaintiff spouse suffered only economic injury. Further, the facts pled in the Complaint fail to provide any foundation for inferring that Plaintiff Joyce Kennedy has experienced a loss of companionship as a result of the economic harm experienced by her husband. Indeed, Plaintiffs fail to even respond to this argument in their Response Memorandum. Accordingly, that portion of Defendants' Motion which seeks to dismiss the loss of consortium claim for failure to state a claim will be granted. *See H.J. Inc.*, 492 U.S. at 249-50.

### 5. Negligent Investigation Claim

Count IV of Plaintiffs' Complaint alleges, in part, that Defendants "negligently investigated" "the allegations raised against Kennedy." Defendants argue that this allegation fails to state a claim as New Mexico law does not recognize a tort for negligent investigation. Plaintiffs contend that such a claim is actionable.

It appears that Defendants are correct. The dispositive case discussed by both parties is *Hollars v. Southern Pacific Transportation Company*, 110 N.M. 103, 792 P.2d 1146 (Ct. App.) *cert. quashed*, 110 N.M. 14, 791 P.2d 465 (1990). In *Hollars*, the plaintiff also alleged that the employer had a duty to properly investigate allegations raised against the plaintiff-employee. *Id*. at 1150. The New Mexico Court of Appeals held that this issue had to be resolved under the collective bargaining agreement between the parties, not under tort law, because if the defendants owed the plaintiff such a duty it was by virtue of the contract between them.

Similarly, in the present case, any duty which Defendants owed toward Kennedy to properly investigate allegations raised against him arises from the contract between the parties, not from the general concepts of duty embodied in tort law. *Id*. Indeed, Plaintiffs argue that they must be permitted discovery "regarding the Defendants' written policies and procedures, as well as its representations to Mr. Kennedy," in order to demonstrate that Defendants owed such a duty to Kennedy. Response Memorandum, p. 7. Such evidence would demonstrate a contractual duty which would in fact be actionable by Plaintiff, but as a component of his breach of contract claim not as a separate tort.

Accordingly, because Plaintiffs have failed to state a claim for which relief may be granted, that portion of Defendants' Motion which seeks to dismiss the claim for negligent investigation will

be granted. *Hollars*, 792 P.2d at 1150; *see also Hatfield v. Board of County Comm'ers*, 52 F.3d 858, 866 (10th Cir. 1995) (rejecting similar claim under Wyoming law).

### 6. Defamation Claim

Finally, Count IV of the Complaint also alleges that Defendants defamed Plaintiff by "disseminating . . . information to others regarding the investigation and the termination of Kennedy." No other information is provided as to the alleged defamation. Defendants therefore argue that Plaintiffs have failed to plead sufficient facts to demonstrate defamation.

In order to establish the tort of defamation, Plaintiffs must prove: (1) a statement by Defendants; (2) of an asserted fact; (3) published to a third party; (4) regarding the plaintiff; (5) which was not true; and (6) which proximately caused actual injury to the plaintiff. *Clough v. Adventist Health Systems, Inc.*, 780 P.2d 627, 631 (1989); N.M. UJI 13-1002.

Defendants are correct that Plaintiffs have failed to plead facts which support most of these elements but have instead made a conclusory allegation of defamation. In response, Plaintiffs argue that they "would be severely prejudiced in having to provide this information as this information is largely within Defendants' exclusive control and cannot be obtained until discovery [is] permitted." Response Memorandum, p. 9. Defendants are again correct that Plaintiffs miss the point.

A plaintiff may only plead those claims for which he has a good faith basis for asserting. *See* Fed.R.Civ.P. 8 and 11. Plaintiffs have essentially conceded that they do not now have information or knowledge which would support the conclusion that Defendants defamed Kennedy. Plaintiffs apparently think that they may plead a simple conclusory allegation which will then grant them a fishing license to find evidentiary support for their claim. They are wrong. Absent a specific factual foundation which would support the inference of defamation, Plaintiffs cannot pursue this claim.

9

However, although Plaintiffs have failed to plead sufficient facts to support their claim, it is possible that such facts do exist. *See H.J. Inc.*, 492 U.S. at 249-50. Therefore, while the Court will grant that portion of Defendants' Motion seeking to dismiss the claim of defamation, the Court will dismiss the claim without prejudice. If Plaintiffs have in their possession sufficient information to support this allegation, they may file an amended complaint pleading sufficient facts to support the charge.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **[Doc. No. 9]** is hereby **GRANTED IN PART AND DENIED IN PART**. Count III of the Complaint alleging loss of consortium and that portion of Count IV of the Complaint alleging negligent investigation are hereby **DISMISSED WITH PREJUDICE**. As to that portion of Count IV of the Complaint alleging defamation, the claim is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff may, if he chooses, re-file this claim in an amended complaint alleging sufficient facts to support the charge. Counts I and II remain properly before the Court as to both Defendants.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Alex Gabaldon

Attorneys for Defendants:
    Timothy L. White
    Thomas E. Berry